IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY PALMER,<br><br>   *Plaintiff*,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>   *Defendant*. | CIVIL ACTION<br>No. 17-765 |

# ORDER

**AND NOW**, this 29th day of August, 2017, upon consideration of Palmer's Motion to Remand, (ECF No. 6), the Navy's Motion to Dismiss for Lack of Jurisdiction, (ECF No. 11), Palmer's Response, (ECF No. 12), and the Navy's Reply, (ECF No. 15), it is **ORDERED** that the Motion to Remand, (ECF No. 6), is **DENIED** and the Motion to Dismiss, (ECF No. 11), is **GRANTED** consistent with the Court's Opinion in *Giovanni v. U.S. Dep't of the Navy*, ___ F. Supp. 3d. ___, No. 16-4873, 2017 WL 2880749 (E.D. Pa. July 6, 2017).[1]  This case shall be **CLOSED** for statistical purposes.

---

[1] Palmer raises one argument not addressed by the Court in *Giovanni*: Relying on the Ninth Circuit Court of Appeals' decision in *Fort Ord Toxics Project v. California EPA*, 189 F.3d 828 (9th Cir. 1999), Palmer argues that the cleanup activities here were initiated under 42 U.S.C. § 9620 and are therefore not affected by § 9613(h)'s jurisdictional bar.  *See* 42 U.S.C. § 9613(h) ("No Federal court shall have jurisdiction under Federal law . . . or under State law . . . to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title.")  The Court disagrees with this interpretation of the statute.
 Whenever "any hazardous substance is released or there is a substantial threat of such a release into the environment," § 9604 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") authorizes the President to "remove or arrange for the removal of, and provide for remedial action" which he "deems necessary to protect the public health or welfare or the environment."  42 U.S.C. § 9604(a)(1).  The President, through executive order, has delegated some of this authority to various agencies, "where either the release is on or the sole source of the release is from any facility . . . under jurisdiction, custody, or control of [that] department[ ]."  Exec. Order 12,580, § 2(d), 52 Fed. Reg. 2923, 2925 (Jan. 23, 1987).  This executive order makes clear that the authority delegated by the President is derived from § 9604.  *See, e.g., id.*

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

("[T]he functions vested in the President by Sections 104(a), (b) and (c)(4), and 121 of the Act are delegated to the heads of the Executive departments and agencies."). The President's authority is derived from § 9604, not § 9620.  *See* 62 Fed. Reg. 50,796, 50,823 (Sept. 26, 1997) ("In E.O. 12580 . . . the President . . . delegated his Section [9604] authority . . . to the Secretary of Defense . . . . The President's delegation to the Secretary of Defense is not conditioned on the NPL status of the release in question.").

In fact, § 9620 does not authorize the President or an agency to do anything.  It simply provides additional guidance for cleanups on federal facilities.  Section 9620's text makes this clear. It provides that "[e]ach department, agency, and instrumentality of the United States . . . shall be subject to, and comply with, *this chapter* in the same manner and to the same extent, both procedurally and substantively, *as any other nongovernmental entity*."  *Id.* § 9620(a)(1) (emphasis added); *see also id.* § 9620(a)(2) (providing that "[a]ll guidelines, rules, regulations, and criteria which are applicable to preliminary assessments carried out under this chapter for facilities at which hazardous substances are located . . . shall also be applicable to [federal facilities]"); *Pollack v. U.S. Dep't of Def.*, 507 F.3d 522, 525 (7th Cir. 2007) (remarking that § 9620 "merely supplements the existing CERCLA regime by bringing federal property owners up to the same standards as private owners; it does not create a separate system for the feds"); *id.* at 526 ("Critically, § [9620] does not provide a separate grant of authority for the President to initiate cleanups of federal sites or force private parties to do so.  Hence a cleanup of a federally owned contaminate site must be initiated under §§ [9604] or [9606], just like the cleanup of a privately owned site."); *Werlein v. United States*, 746 F. Supp. 887, 891–92 (D. Minn. 1990), *vacated on other grounds by Werlein v. United States*, 793 F. Supp. 898 (D. Minn. 1992) ("If section 9604 did not apply to federal facilities, then there would be no reason for the President to delegate response authority to the Secretary of Defense.").

No Circuit has followed *Fort Ord*'s § 9620 holding and two have distinguished it.  *See, e.g.*, *OSI, Inc. v. United States*, 525 F.3d 1294, 1299 (11th Cir. 2008); *Pollack*, 507 U.S. at 526.  *Fort Ord* itself concedes that its conclusion is "intuitively unappealing" and "troubling," *Fort Ord*, 189 F.3d at 832.